# United States Bankruptcy Court
## Eastern District of Texas
### Sherman Division

| | |
|---|---|
| In re:<br>**Empire Countertops, LLC**<br>    1137 Enterprise Dr.<br>    Pilot Point, TX 76258<br>    EIN: 45-1145076<br><br>**Debtor** | Case No. 22-41686-btr<br><br>Chapter 11<br><br>Expedited Hearing Requested |

**DEBTOR'S AMENDED MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO BANKRUPTCY CODE SECTIONS 361, 362, AND 363**

STATEMENT OF RELIEF REQUESTED

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you _must_ file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Empire Countertops, LLC ("Empire" or "Debtor") files this amended motion and moves the Court for the entry of Interim and Final Orders approving on a post-petition basis the use of "cash collateral" and related relief. Emergency relief on an interim basis with limited notice is

warranted because the Debtor may have insufficient unencumbered cash with which to operate, even on a short-term basis, absent an Emergency Interim Order authorizing the Debtor to use cash in its accounts which may be subject to liens from creditors. In support of the relief requested herein, the Debtor respectfully represents the following:

## I. JURISDICTION & VENUE

1. This United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(D), (G), and (M). The venue is proper in this district under 28 U.S.C. §§ 1408, 1409, and 1412.

2. The requested relief is based on 11 U.S.C. §§ 105, 361, 362, and 363 Federal Rules of Bankruptcy Procedure 2002, 4001, 6003, and 6004.

## II. BACKGROUND

3. On December 5, 2022 ("Petition Date"), Empire Countertops, LLC filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 1101 et seq. (the "Bankruptcy Code").

4. Empire continues to operate and manage its business as a "debtor-in-possession" under section 1107 of the Bankruptcy Code.

5. Empire fabricates and installs countertops of various materials for commercial and consumer projects throughout the DFW metroplex. Founded in 1989 by Curtis "Mitch" Mahoney, the company has been in operation for more than thirty years. Empire's products are fabricated at its 8,000-square-foot plant located at 1137 Enterprise Dr., Pilot Point, Texas 76258. Empire sells direct to consumers through its website, www.empirecountops.net, and through its commercial

contacts to commercial-grade projects. Currently, the company receives approximately 70% of its revenue from consumer sales and 30% from its commercial sales.

6. For the last 6 months, the Debtor had an average gross revenue of $137,384 per month. In September, the gross sales revenue was approximately $55,688.65. The estimated average monthly gross sales income projected for the next six months is $259,433.34 per month. Empire also anticipates a net income of not less than $34,541.61 per month.

7. In August 2022, 340 Broadway Holdings, LLC as successor in interest for Empire PP Holdings, LLC sent a Notice of Substitute Trustee's Sale of the Debtor's real property located at 1137 Empire Dr., Pilot Point, Denton County, Texas. The Debtor sought a temporary and permanent injunction of the sale in *Empire Countertops, LLC v. 340 Broadway Holdings, LLC*, Cause No. 22-7235-431, filed in the 431st District Court of Denton County, Texas. Ultimately, the permanent injunction was unsuccessful, and a sale was scheduled for December 6, 2022.

8. Unable to resolve the litigation with 340 Broadway Holdings and facing a sale of its fabrication facility, Empire filed its petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code.

9. The debtor filed this bankruptcy to get some breathing room to reorganize its obligations and preserve the going concern value of its countertop fabrication business.

10. The Debtor's monthly cash needs are approximately $64,805. A more specific breakdown of the monthly expenses is provided in the Revised Monthly Budget attached as Exhibit 1 and incorporated by reference.

11. The Debtor must have the authority to use cash in the approximate amount of $156,738 on an interim emergency basis for the next 14 days, which includes prepetition wages approved by this Court (See Exhibit 2).

12. At this early stage, the Debtor is still examining the existence of any liens asserted by any creditor to determine the amount, validity, and priority of such liens. The debtor has identified at least seven creditors who may have perfected UCC liens in the Debtor's cash accounts: Newtek Finance, BTH Bank, 340 Broadway Holdings LLC, Eagle Eye Advance LLC, Gulf Coast Bank and Trust Company, Merchant Advance LLC, and The LCF Group, Inc.

13. Debtor files this Motion out of an abundance of caution to give creditors full notice and an opportunity to object to the use of the Debtor's cash collateral.

### III. EMERGENCY AND OTHER RELIEF TO USE CASH COLLATERAL REQUESTED AND BASIS THEREFORE

14. By this Motion, the Debtor requests entry of interim and final orders under sections 105(a), 361, 362, and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 6003(b) authorizing the use of cash collateral; granting replacement liens if required; and granting related relief.

15. Based upon the experience of the Debtor's counsel and management, the Debtor has no other basis to obtain operating funds other than by monetizing the accounts and using these funds to pay for ongoing operations. Accordingly, the circumstances of this case required the

16. The Debtor believes the proceeds from accounts created prepetition (the "Cash Collateral") may be the cash collateral of one or more of its creditors. The Debtor, therefore, seeks entry of interim and final orders under sections 105(a) and 363 of the Bankruptcy Code and Rules 4001 and 9014 of the Bankruptcy Rules authorizing the Debtor to use the Cash Collateral to pay operating expenses and other costs associated with this Chapter 11 case.

17. The Debtor's four (4) week operating budget (the "Budget") is attached as Exhibit 1. The Debtor seeks permission to use Cash Collateral under the Budget.

18. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Additionally, section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property ... proposed to be used, sold, or leased, by the trustee [or debtor-in-possession], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

19. The use of the Cash Collateral is necessary to prevent immediate and irreparable harm to the Debtor's estate, including for the preservation and maintenance of the going concern value of the Debtor's estate. The Debtor currently has no present borrowing source from which it could secure funding to operate its business, and therefore it must rely on its ability to use existing Cash Collateral to fund the operation of its business. The Debtor believes that payment of such operating expenses is reasonable and necessary to continue the Debtor's business operations and that, without the use of Cash Collateral, the Debtor will be seriously and irreparably harmed and may be unable to preserve its going concern value. Further, the Debtor submits that to the extent creditors have an interest in the Cash Collateral, such interest will be adequately protected by the replacement liens to secure the diminution in value of creditors' interest in Cash Collateral existing as of the Petition Date.

20. A proposed Interim Order is attached.

21. **LIMITED NOTICE**. Notice of this Motion has been provided to (i) the office of the United States Trustee for the Eastern District of Texas, (ii) Newtek Finance, (iii) BTH Bank, (iv) 340 Broadway Holdings LLC, (v) Eagle Eye Advance LLC, (vi) Gulf Coast Bank and Trust

Company, (vii) Merchant Advance LLC, and (viii)The LCF Group, Inc (ix) the holders of the twenty (20) largest unsecured claims against the Debtor, and (x) other parties-in-interest as outlined in the Certificate of Service below.  The Debtor submits that no other further notice need to be provided.

22. **INTERIM RELIEF REQUESTED**. EMPIRE COUNTERTOPS, LLC requests that the Court consider this Motion with other first-day pleadings and grant relief requested immediately on an interim basis and, later, on a final basis, unless an objection is filed with this Court within fourteen days after entry of the interim order. If an objection is timely filed, EMPIRE COUNTERTOPS, LLC requests that the interim order remains in effect notwithstanding any objection until further order of this Court.

**WHEREFORE**, the Debtor respectfully requests entry of an order (a) granting the relief requested in the Motion; (b) authorizing the Debtor to use proceeds from the sale of Receivables; and (c) granting such other and further relief as is just and proper.

DATED: December 14, 2022.                   Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
     Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing motion was served on the Office of the U.S. Trustee and upon the parties receiving notice via the Court's CM/ECF system. A copy was also mailed to the parties listed below:

22-41686-11-btr, Empire Countertops, LLC's Amended Motion for Interim and Final Order Re: Cash Collateral
Page 6

| | |
|---|---|
| Newtek Finance<br>c/o Patrick Appleton<br>4800 T-Rex Ave., Ste. 110<br>Boca Raton, FL 33431 | BTH Bank / Origins<br>c/o Michael Slesinger<br>5001 El Campo Avenue<br>Fort Worth, TX 76107 |
| Eagle Eye Advance LLC<br>254 36th Street, Ste. C303<br>Brooklyn, NY 11232 | 340 Broadway Holdings LLC<br>1560 Sawgrass Corp. Pkwy. Ste.474<br>Fort Lauderdale, FL 33323 |
| Jeremy S. Williams<br>901 East Byrd Street, Suite 1000<br>Richmond, Virginia 23219<br>Via: jeremy.williams@kutakrock.com<br>*Counsel for Eagle Eye Advance LLC* | W.J. Wade, Jr.<br>2112 Indiana Avenue<br>Lubbock, TX 79410<br>*Counsel for 340 Broadway Holdings LLC* |
| The LCF Group, Inc.<br>3000 Marcus Ave. Suite 2W15<br>New Hyde Park, NY 11042 | Merchant Advance LLC<br>1621 Central Avenue<br>Cheyenne, WY 82001 |
| David Fogel, P.C<br>1225 Franklin Avenue 522<br>Garden City, NY 11530<br>*Counsel for Merchant Advance LLC* | Gulf Coast Bank and Trust Company<br>1170 Celebration Blvd, Ste. 100<br>Kissimmee, FL 34747-4604 |
| Newtek Finance<br>c/o Patrick Appleton<br>4800 T-Rex Ave., Ste. 110<br>Boca Raton, FL 33431 | BTH Bank / Origins<br>c/o Michael Slesinger<br>5001 El Campo Avenue<br>Fort Worth, TX 76107 |

*And to the creditors listed on the matrix.*

By: __/s/ Clayton L. Everett____